J-S33013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TOM FOSTER, ADMINISTRATOR OF THE ESTATE OF KENNETH W. FOSTER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; ERIE OPERATING, LLC D/B/A GOLDEN LIVINGCENTER - WALNUT CREEK; ERIE ACQUISITION, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC HOLDINGS, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; SPECTRA HEALTHCARE ALLIANCE VI, LLC; SPECTRA HEALTHCARE ALLIANCE INC; BEVERLY ENTERPRISES, INC.; AND DENISE CURRY, AN INDIVIDUAL. | |
| Appellants | No. 1147 WDA 2015 |

Appeal from the Order Entered July 7, 2015
in the Court of Common Pleas of Erie County Civil Division
at No(s): 10202 of 2004

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED JANUARY 20, 2017**

This case returns to this Court on remand following the Pennsylvania Supreme Court's decision in ***Taylor v. Extendicare Health Facilities, Inc.***, 147 A.3d 490 (Pa. 2016). We reverse and remand for further proceedings.

The relevant history of this appeal was set forth in this Court's May 26, 2016 judgment order affirming the trial court's order overruling Appellants'

---

[*] Former Justice specially assigned to the Superior Court.

preliminary objections seeking to compel arbitration of their wrongful death and survival actions. ***Foster v Golden Gate National Secior Care, LLC***, 1147 WDA 2015 (Pa. Super. May 26, 2016) (judgment order), *vacated*, 2016 WL 6806507 (Pa. November 17, 2016) (*per curiam*). In refusing to compel arbitration, the trial court relied on this Court's decision in ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015), which held that Pa.R.C.P. 213(e) required consolidation of wrongful death and survival actions for trial.

However, our Pennsylvania Supreme Court reversed this Court's decision in ***Taylor***, holding that Rule 213(e) conflicts with the Federal Arbitration Act ("FAA") and is preempted. ***Taylor***, 147 A.3d at 510. Section 2 of the FAA binds state courts to compel arbitration of claims subject to an arbitration agreement, even at the expense of judicial efficiency. ***Id.*** The Supreme Court in ***Taylor*** remanded the case to the trial court, to afford the parties "the opportunity to litigate whether there is a valid and enforceable arbitration contract in accord with generally applicable contract defenses and the FAA's savings clause." ***Id.*** at 513. Therefore, we will remand to the trial court to address Appellee's fact-based defenses to the validity and enforceability of the arbitration agreement.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017